IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Randy Lee Soderstrom,<br><br>        Plaintiff,<br>  v.<br><br>Henry T. Nicholas, III, et al.,<br><br>        Defendants.<br>                                        / | NO. C 08-05310 JW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; ADDRESSING VARIOUS OTHER MOTIONS** |

## **I. INTRODUCTION**

Randy Lee Soderstrom ("Plaintiff") brings this action against Defendants[1] alleging, *inter alia*, violation of the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, and related state law claims. Plaintiff alleges that Defendants forcibly co-opted his participation in a variety of financial, drug, sex, and violent crimes.

Presently before the Court are Defendants' Motions to Dismiss and various other motions filed by both Defendants and Plaintiff.[2] The Court conducted a hearing on March 9, 2009.[3]

---

[1] Defendants are Henry T. Nicholas, III ("Nicholas"), William J. Ruehle ("Ruehle"), Henry Samueli ("Samueli"), David Dull ("Dull") (collectively, "Individual Defendants"), and Broadcom Corporation ("Broadcom").

[2] (Defendant Nicholas' Motion to Dismiss Plaintiff's First Amended Complaint, hereafter, "Nicholas MTD," Docket Item No. 59; Defendant Broadcom's Motion to Dismiss the First Amended Complaint, hereafter, "Broadcom MTD," Docket Item No. 64; Defendant Ruehle's Motion to Dismiss the First Amended Complaint, hereafter, "Ruehle MTD," Docket Item No. 67; Defendant Samueli's Motion to Dismiss, hereafter, "Samueli MTD," Docket Item No. 72; Defendant Dull's Motion to Dismiss and Motion in Joinder in Other Defendants' Motions to Dismiss, hereafter, "Dull MTD," Docket Item No. 73.) Also before the Court are the following Motions: Defendant Nicholas's Motion to Dismiss for Insufficient Service of Process (Docket Item No. 27); Defendant Ruehle's Motion to Quash Service (Docket Item No. 28); Defendant Samueli's Motion to Dismiss for Insufficient Service of Process (Docket Item No. 31). The Court DENIES these Motions as moot in light of the Court's determination on the merits of Plaintiff's Complaint.

Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motions to Dismiss.

## II. BACKGROUND

Plaintiff is an inmate in the Sierra Conservation Center State Prison in Jamestown, California. (See Docket Item No. 85.) On November 11, 2004, Plaintiff was sentenced to twelve years in California State prison for attempted voluntary manslaughter, attempted robbery, assault with a semi-automatic handgun and residential burglary. (First Amended Complaint ¶¶ 165, 167, hereafter, "FAC," Docket Item No. 57.) Although Plaintiff was not convicted and sentenced until November 2004, he has been incarcerated since his initial arrest by the San Jose Police Department in July 2003. (Id. ¶ 148 n.23.)

Defendants are Broadcom Corporation and several current and former officers and directors of Broadcom. Defendants are currently involved in a number of judicial proceedings involving factual allegations related to those in this action. First, on May 14, 2008, the Securities and Exchange Commission ("SEC") filed a complaint in the United States District Court for the Central District of California against the four Individual Defendants, alleging fraudulent backdating of Broadcom stock option grants. SEC. v. Nicholas, No. CV 08-0539-CJC (C.D. Cal.). Second, on June 4, 2008, Defendants Nicholas and Ruehle were criminally indicted for securities fraud. United States v. Nicholas, No. CR 08-139-CJC (C.D. Cal.). Third, also on June 4, 2008, Defendant

---

On April 6, 2009, Plaintiff filed an Application for Enlargement of Time; Appointment of Counsel; Appearance by Telephone. (Docket Item No. 108.) This Motion related to a scheduled case management conference, which was vacated by the Court. Accordingly, this Motion is DENIED as moot. In addition, Plaintiff has filed a Motion Requesting Copy of Transcripts of Proceedings. (hereafter, "Transcript Motion," Docket Item No. 99.) The Court addresses this motion, *infra*.

[3] On February 19, 2009, the Court received an Opposition to Defendants' Motions filed by Plaintiff. This Opposition is untimely. See Civ. L.R. 7-3. Plaintiff, however, filed a Motion for Leave to File Excess Pages with respect to his untimely Opposition. (Docket Item No. 81.) The Court GRANTS Plaintiff's Motion for Leave to File Excess Pages. In response to this late-filed submission, Defendants filed an *Ex Parte* Motion for Extension of Time to Reply. (Docket Item No. 76.) The Court GRANTS Defendants' Motion for Extension of Time.

2

Nicholas was individually indicted for conspiracy to distribute controlled substances and related counts. United States v. Nicholas, No. CR 08-140-CJC (C.D. Cal.)

On October 6, 2008, following the filing of the SEC's complaint and the two criminal indictments, Plaintiff filed a civil action against Defendants in the Central District of California. Soderstrom v. Nicholas, No. CV 08-1099-UA (C.D. Cal.) (the "Central District Action"). Plaintiff's Central District Action complaint asserted twelve causes of action, including RICO claims and state law claims against the Individual Defendants and Broadcom. Plaintiff alleged that he was forced "under threat of death to both him and his family" to participate in illegal acts, and has suffered "damage[] in both his business and property" in that he has been unable to seek and maintain employment due to his "unlawful arrests and incarceration as a direct result of Defendant [Nicholas'] patter [sic] of racketeering activity." (See Declaration of Brian Danitz in Support of Defendant William Ruehle's Notice of Motion and Motion to Dismiss, Ex. 2, Part 2 ¶¶ 292, 294, hereafter, "Danitz Decl.," Docket Item No. 68.)

Plaintiff sought to proceed *in forma pauperis* ("IFP") in the Central District Action. The district court, however, denied Plaintiff's request to proceed *in forma pauperis* and closed the case, holding that

> this purported RICO action, which attempts to piggy back off SEC and criminal actions that have been brought against Broadcom and its principals . . . implicates the validity of [Plaintiff's] conviction and therefore is barred until such time as Plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

(Danitz Decl., Ex. 1 at 2.) After Plaintiff's motion for reconsideration was denied,[4] Plaintiff filed a Notice of Appeal to the Ninth Circuit on November 5, 2008, challenging the denial of his IFP request. (See id., Ex. 4.)

On November 24, 2008, during the pendency of his appeal, Plaintiff filed this action, alleging the same twelve causes of action as the Central District Action, but with minor changes as to some

---

[4] (See Danitz Decl., Ex. 3.)

3

of the language challenging the validity of his conviction. (See Docket Item No. 1.) On November 26, 2008, Magistrate Judge Trumbull approved Plaintiff's IFP status in this action. (See Docket Item No. 5.) On December 23, 2008, Defendant Broadcom filed a Notice of Pendency of Related Action[5] informing the Court of Plaintiff's pending appeal of a substantially identical complaint and seeking dismissal of this action on that basis. Plaintiff, however, voluntarily dismissed his appeal of the Central District Action on January 6, 2009. (See Plaintiff's Opposition to Defendant Broadcom's Notice of Pendency of Related Action and Request for Dismissal, Ex. 1 at 25, Docket Item No. 26.)

On January 16, 2009, in response to Plaintiff's voluntary dismissal of his appeal, the Court denied Defendant Broadcom's Request for Dismissal. (Order Denying Motion to Appoint Counsel; Denying Motion to Dismiss Related Case, hereafter, "January 16 Order," Docket Item No. 50.) On January 27, 2009, Plaintiff filed an amended complaint, adding a claim for injunctive relief to "enjoin Defendant [Nicholas] from further threats or attempts to solicit someone to harm Plaintiff or his family," based on Plaintiff's belief that Nicholas has been soliciting a prison gang to "'silence' Plaintiff 'permanently.'" (FAC ¶¶ 289-93.)

Plaintiff's First Amended Complaint asserts the following thirteen causes of action: (1-7) Violation of RICO and conspiracy to violate RICO; (8) Interference with existing contract and existing business relations; (9) Interference with prospective contractual and business relations; (10) Fraudulent concealment; (11) Accounting; (12) *Respondeat superior*; and (13) Injunctive relief. The Fourth, Sixth, Seventh, Eighth, and Thirteenth Causes of Action are asserted solely against Nicholas, the Fifth Cause of Action is asserted only against the Individual Defendants, and the Twelfth Cause of Action is asserted only against Broadcom.

Presently before the Court are Defendants' Motions to Dismiss.

---

[5] (Defendant Broadcom's Notice of Pendency of Related Action and Request for Dismissal Pursuant to Local Rule 3-13, Docket Item No. 19.)

4

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

### IV. DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on the grounds that, *inter alia*, (1) Plaintiff's claims are barred by *res judicata*; (2) the Complaint is an impermissible collateral attack on Plaintiff's criminal sentence; (3) Plaintiff's claims are barred by the applicable statutes of limitations; and (4) Plaintiff fails to adequately state a claim for any of the causes of action pleaded in his Complaint. (See, e.g., Broadcom MTD at 2.)[6] The Court addresses each of Defendants' contentions in turn.

---

[6] Each of the five Defendants individually filed motions to dismiss. For the sake of convenience, the Court refrains from citing to each individual motion, where the individual motions raise the same arguments.

**A.** *<u>Res Judicata</u>*

Defendants move to dismiss Plaintiff's Complaint on the ground that it is duplicative of those previously dismissed in the Central District Action, and should therefore be dismissed on the basis of *res judicata*. (<u>See, e.g.</u>, Broadcom Motion at 5.)

The doctrine of *res judicata* bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." <u>Lubrizol Corp. v. Exxon Corp.</u>, 929 F.2d 960, 963 (3d Cir. 1991).

In this case, the Central District Action resulted in summary dismissal of Plaintiff's complaint, on the ground that he impermissibly sought collateral attack on his criminal conviction through a civil RICO action. Citing <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the district court denied Plaintiff's IFP application, dismissed his complaint, and closed the case. On January 16, 2009, the Court denied Broadcom's motion to dismiss this action under Civil Local Rule 3-13. Although the Court found that Local Rule 3-13 was an improper ground for dismissal, the Court stated that "because the Central District Action did result in dismissal of Plaintiff's claims on the merits, Plaintiff's claims in this action may be subject to challenge on the grounds of claim or issue preclusion." (January 16 Order at 2.) Accordingly, the Court invited Defendants to move for dismissal on those grounds. (<u>Id.</u>)

Upon review of the Central District's order of dismissal, however, the Court finds that the order of dismissal was not a final judgment on the merits. (<u>See</u> Danitz Decl., Ex. 1 at 2.) Federal Rule of Civil Procedure 58 requires that the clerk of court enter judgment, in a separate document, when the court denies all relief. Fed. R. Civ. P. 58(a)-(b). Although there is no dispute that the Central District Action was dismissed, Defendants have not demonstrated that a separate judgment

followed from the dismissal. Thus, there is no evidence of a final judgment upon which the Court could find that the claims in this action are barred by *res judicata*.[7]

Accordingly, the Court finds that Defendants are not entitled to a dismissal on the basis of *res judicata*.

**B.     Heck Doctrine**

Defendants move to dismiss Plaintiff's Complaint on the ground that it is barred by the Heck v. Humphrey doctrine. (See, e.g., Ruehle MTD at 6-7.)

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." The plaintiff in Heck had asserted a claim under 42 U.S.C. § 1983, alleging that state officials conducted an arbitrary investigation, knowingly destroyed exculpatory evidence, and caused an illegal voice identification procedure to be used at the criminal trial at which he was ultimately convicted. 512 U.S. at 479. The Court upheld dismissal of the plaintiff's § 1983 claim, articulating its concern for finality and consistency, along with its general aversion to expanded opportunities for collateral attack on criminal sentences. Id. at 485.

Although Heck involved a § 1983 claim, Defendants contend that the Heck decision also applies to civil RICO claims. (See Ruehle MTD at 6.) Federal courts are split on this issue. For example, courts have held that Heck "applies with equal force to civil RICO claims." Garcia v. Scribner, No. C 97-0742 CRB, 1998 U.S. Dist. LEXIS 10508, at *6 (N.D. Cal. July 10, 1998); see also Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008). In contrast, other courts have found that extension of the Heck decision to RICO claims would be unwarranted because the Heck decision

---

[7] On February 24, 2009, Plaintiff filed a Motion for Leave of the court for Permission to File Motion for Reconsideration. (Docket Item No. 84.) Plaintiff seeks reconsideration of the Court's statement in the January 16 Order that the dismissal of the Central District Action was "on the merits." In light of the Court's current holding as to the issue of *res judicata*, the Court DENIES Plaintiff's Motion for Leave as moot.

"only addresses the accrual of actions brought under § 1983, and focuses on the interplay of two specific statutes; § 1983 and 28 U.S.C. § 2254." Hunter v. Daryl F. Gates, No. C 99-12811, 2001 WL 837697, at *3 (C.D. Cal. Apr. 16, 2001); see also Curry v. Baca, 497 F. Supp. 2d 1128, 1135 (C.D. Cal. 2007).

Even if the Court were to find that Heck extends to civil RICO cases, the Court is not persuaded that its reach extends beyond civil actions against government officials or actions directly implicating the judicial process that resulted in a plaintiff's criminal conviction. For example, Scribner involved dismissal of a civil RICO action against a state prison and prison employees, in which the plaintiff had alleged that prison officials engaged in unlawful conduct in connection with his conviction. 1998 U.S. Dist. LEXIS 10508, at *4-*5. Similarly, in Barbadoro, the First Circuit found that a plaintiff's RICO claim was barred against judges, prosecutors and others who allegedly violated his civil rights in connection with his criminal conviction. 520 F.3d at 26.[8] Although the Court is aware of at least one case where the Heck doctrine was applied to RICO claims against private individuals, the RICO claims in that case were directly related to the judicial process surrounding the plaintiff's criminal conviction. Belk v. Millers Mut. Group of Ins. Co., C 07-0203 WL, 2007 WL 1385366, at *1 (N.D. Ind. May 8, 2007). In Belk, the court dismissed a RICO claim against private individuals who allegedly provided false testimony and evidence that led to the plaintiff's conviction for mail fraud. Id.

In this case, Defendants contend that Plaintiff's claims are barred by the Heck doctrine because Plaintiff's allegations necessarily imply the invalidity of his conviction. (See, e.g., Nicholas MTD at 12.) Defendants focus on Plaintiff's allegation that he is entitled to recovery for damage to his "property" and his "business" because he "was arrested in 2003 and subsequently convicted on

---

[8] See also Harrison v. Grand Jurors, No. 3:05-cv-348, 2006 WL 354218, at *2-*3 (N.D. Fla. Feb. 13, 2006) (dismissing a plaintiff's RICO claim against an Assistant United States Attorney, a United States Attorney, a United States District Judge, a DEA special agent, a county, the grand jurors who certified his indictment, and an Alabama task force agent alleged to have conspired to obstruct justice, bribe witnesses and suborn perjury in securing his indictment and subsequent conviction); Moore v. Guesno, 485 F. Supp. 2d 300, 308 (W.D.N.Y. 2007) (dismissing RICO claims against a municipal government and county who were alleged to have created false evidence against the plaintiff, leading to the plaintiff's criminal conviction).

8

1 charges related directly to his participation in Nicholas's drug-trafficking enterprise in which he was
2 **forced** to participate." (FAC ¶ 1 (emphasis in original).) Defendants contend that this allegation
3 necessarily implies the invalidity of Plaintiff's conviction because it implies that the conviction
4 could be undermined by invocation of a duress defense. (See Nicholas MTD at 12.)

5 Plaintiff's Complaint, however, does not allege any claims based directly on the judicial
6 process surrounding his conviction or conduct by Defendants that would "necessarily imply" the
7 invalidity of his conviction. Nor does the Complaint implicate any government officials. Rather,
8 the Complaint makes allegations associated with a broad criminal enterprise that predated Plaintiff's
9 arrest and conviction. Defendants cite no cases to the Court in support of the proposition that such
10 attenuated allegations are, as a matter of law, barred by the Heck doctrine. Defendants also do not
11 cite cases suggesting that the Heck bar extends to related state law causes of action, such as the
12 interference with contract claims asserted by Plaintiff in this case. Accordingly, even if the Court
13 were to stretch the principles of Heck to dismiss Plaintiff's RICO claims, the Court sees no basis for
14 dismissing the state law claims, as well.

15 Accordingly, the Court finds that Defendants are not entitled to dismissal on the basis of the
16 Heck doctrine.

17 **C.     Statute of Limitations**

18 Defendants move to dismiss Plaintiff's Complaint on the ground that each of his asserted
19 causes of action are barred by the applicable statutes of limitations. (See, e.g., Ruehle MTD at 8.)

20 A complaint is properly dismissed under Rule 12(b)(6) where it is apparent on the face of the
21 pleading that plaintiff's claims are barred by the statute of limitations. Jablon v. Dean Witter & Co.,
22 614 F.2d 677, 682 (9th Cir. 1980). This is true where expiration of the limitations period is an
23 affirmative defense, because Federal Rule of Civil Procedure 9(f) "makes averments of time and
24 place material for the purposes of testing the sufficiency of a complaint." Suckow Borax Mines
25 Consol. v. Borax Consol., 185 F.2d 196, 204 (9th Cir. 1951). When a motion to dismiss is based on
26 the running of the statute of limitations, "it can be granted only if the assertions of the complaint,

9

1 read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."
2 Jablon, 614 F.2d at 682. In contrast, where the statute of limitations question turns on factual issues
3 that may be disputed, the question is more appropriately addressed at a later stage of the proceeding.
4 See id.

5       The Court considers whether any of Plaintiff's substantive claims are timely.

6       **1.    RICO Claims**

7       The statute of limitations for civil RICO actions is four years. Pincay v. Andrews, 238 F.3d
8 1106, 1108 (9th Cir. 2001). The Ninth Circuit has continually followed the "injury discovery" rule
9 for the statute of limitations under civil RICO actions. Id. at 1109. Under this rule, "the civil RICO
10 limitations period begins to run when a plaintiff knows or should know of the injury that underlies
11 his cause of action." Id. (quoting Grimmet v. Brown, 75 F.3d 506, 511 (9th Cir. 1996)). "Thus, the
12 'injury discovery' rule creates a disjunctive two-prong test of actual or constructive notice, under
13 which the statute begins running under either prong." Id.

14       Defendants contend that, under the Ninth Circuit's injury discovery rule, the statute of
15 limitations period began to run on October 2, 2000. Defendants point to Plaintiff's allegation that

16       [i]n October of 2000, Plaintiff pleaded with Nicholas to let him out [of working
      for Nicholas], as Plaintiff was offered a job at another Rosenbluth account and
17       also had been offered a job with Sundance Travel. . . . Nicholas told Plaintiff that
      he was working for him and Plaintiff was not to work for anyone else. As a
18       result, Plaintiff declined both positions at Rosenbluth and Sundance.

19 (FAC ¶ 79.) Plaintiff also alleges RICO injuries arising from (1) multiple instances of forced labor;
20 (2) direct and indirect injury to his business and property; (3) witness tampering; and (4) threats and
21 violence against Plaintiff. (See FAC ¶¶ 217-58.)

22       Since Plaintiff's Complaint was initially filed on November 24, 2008, Plaintiff's RICO
23 claims are barred if he was on notice of his injury prior to November 24, 2004. Based on the
24 allegations in the Complaint, the Court finds that Plaintiff was plainly on notice of his RICO claims
25 as early as October 2000. Furthermore, Plaintiff was incarcerated from June 2003 through his
26 sentencing on November 12, 2004. It follows that the forced labor, threats, and violence complained
27 of must have occurred prior to Plaintiff's incarceration. Given that the conviction itself occurred

28       10

prior to November 24, 2004, the Court can discern no independent injuries that are alleged to have occurred within the limitations period.[9]

Although Plaintiff makes generic claims of fraudulent concealment on the part of Defendant Nicholas, in that Nicholas purportedly issued "threats against Plaintiff . . . which prevented him from bringing these claims earlier," Plaintiff's allegations are devoid of any coherent factual underpinnings. (FAC ¶ 24.) Rather, Plaintiff's allegations of fraudulent concealment and equitable estoppel read like legal conclusions. In no way do they counteract the numerous of allegations suggesting that Plaintiff was fully on notice of his injuries as early as 2000. In addition, Plaintiff's tolling and estoppel allegations only apply to Defendant Nicholas and make no mention of the remaining four Defendants.

In sum, the Court finds that Plaintiff's RICO claims are untimely.[10] The Court GRANTS Defendants' Motions to Dismiss Plaintiff's claims for violation of RICO and conspiracy to violate RICO. Given that the untimeliness of these claims is evident from the face of the Complaint, Court finds that Plaintiff cannot cure the deficiency with amendment. Accordingly, Plaintiff's RICO claims are DISMISSED with prejudice.

**2.      Interference with Contractual and Business Relations Claims**

A cause of action for tortious interference with business relationships is governed by a two year statute of limitations. Cal. Civ. Proc. Code § 339. Anderson v. Allstate Ins. Co., 630 F.2d 677, 683 (9th Cir. 1980). In claims for interference with existing contracts, the limitation period begins no later than the actual breach of contract. Trembath v. Digardi, 43 Cal. App. 3d 834, 837 (1974).

---

[9] The Court does acknowledge that Plaintiff's thirteenth claim for injunctive relief does raise allegations of wrongdoing by Defendant Nicholas. The Court addresses this issue, *infra*.

[10] In California, a limitations period may be tolled for a period of up to two years based on the so-called disability of imprisonment. Cal. Civ. Proc. Code § 352.1. The statute provides: "If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, . . . the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." Id. State savings statutes, however, do not apply to federal claims that are governed by federal statues of limitation. Beck v. Caterpillar, Inc., 50 F.3d 405, 407 (7th Cir. 1995). Since RICO claims are governed by a federal statute of limitations, California's savings clause does not apply to Plaintiff's RICO claims.

11

For claims that allege interference with prospective contractual or business relations, the limitations period begins at the time of the alleged "underlying harmful act." Perfect 10, Inc. v. Visa Intern. Service Ass'n, 494 F.3d 788, 810 (9th Cir. 2007).

As discussed in the prior section, Plaintiff discovered his injuries as early as October 2, 2000, when Defendant Nicholas allegedly prevented Plaintiff from accepting other offers of employment. (See FAC ¶ 79.) Certainly, Plaintiff cannot have suffered any interference with contractual or business relations later than his incarceration in July 2003. Thus, July 2003 is the latest possible date Plaintiff's intentional interference claims could have accrued. Moreover, there are no coherent allegations that would provide the basis for any form of tolling or estoppel with respect to these claims. Since the two-year statute of limitations for intentional interference claims means that those claims are untimely if they accrued before November 24, 2006, the Court finds that those claims time-barred.[11]

Accordingly, the Court GRANTS Defendants' Motions to Dismiss Plaintiffs' Eighth and Ninth Causes of Action for intentional interference with existing and potential contractual relations, respectively. As with Plaintiff's RICO claims, Plaintiff will be unable to cure these claims by amendment. Thus, Plaintiff's Eighth and Ninth Causes of Action are DISMISSED with prejudice.

### D. Remaining Claims

In addition to the RICO and intentional interference claims discussed above, Plaintiff asserts four remaining claims for (1) fraudulent concealment, (2) accounting, (3) *respondeat superior*, and (4) injunctive relief. First, the substance of Plaintiff's fraudulent concealment claim indicates that Plaintiff is pleading fraudulent concealment as a means of tolling the statutes of limitations of his other claims, and not as an independent fraud-type cause of action. The Court declines to treat Plaintiff's tenth claim for fraudulent concealment as a separate cause of action. To the extent that

---

[11] The California imprisonment tolling statute, Cal. Civ. Proc. Code § 352.1, does not save Plaintiff's intentional interference claims, as those claims did not arise while Plaintiff was imprisoned. In addition, the maximum tolling Plaintiff could benefit from the statute is two years, and the Court finds that Plaintiff's intentional interference claims are no less than three and one half years late.

1 Plaintiff has attempted to assert tolling of the statute of limitations, the Court has already found that
2 Plaintiff discovered his injuries as early as October 2, 2000 and his allegations regarding possible
3 concealment are incoherent and implausible. See Twombly, 550 U.S. at 570.

4 Second, Plaintiff's claims for *respondeat superior* and injunctive relief are not cognizable
5 causes of action. *Respondeat superior* is a theory of vicarious liability, which requires a predicate
6 cause of action, and injunctive relief is a remedy. Accordingly, the Court declines to treat these as
7 independent causes of action.

8 Finally, Plaintiff's claim for an accounting does not appear to be based on any allegation that
9 Defendants owe Plaintiff any money. Rather, the accounting claim seems to be based on financial
10 transactions that had absolutely nothing to do with Plaintiff.

11 In sum, none of Plaintiff's Tenth through Thirteenth Causes of Action state a claim upon
12 which relief can be granted. Since the Court finds that these claims cannot be cured by amendment,
13 the Court GRANTS Defendants' Motions to Dismiss. Accordingly, Plaintiff's Tenth, Eleventh,
14 Twelfth, and Thirteenth Causes of Action are DISMISSED with prejudice.

15 **E.     Leave to Amend**

16 Although the Court has rejected all of Plaintiff's claims as being time-barred or non-
17 cognizable, the Court does recognize that Plaintiff amended his initial Complaint to add allegations
18 of death threats received by Plaintiff in October 2008. (See FAC ¶¶ 288-93.) These allegations are
19 not asserted as an independent cause of action, but provide the basis of Plaintiff's claim for
20 injunctive relief. Since the Court has found that injunctive relief is not itself a claim, and because it
21 appears that these allegations are temporally disconnected from the remaining allegations in the
22 Complaint, the Court finds that Plaintiff may have a claim against Defendant Nicholas arising out of
23 the alleged October 2008 death threat. Nonetheless, the Court must consider its jurisdiction over
24 any amended claims Plaintiff may seek to bring.

25 "The district courts may decline to exercise supplemental jurisdiction over a claim [if] the
26 district court has dismissed all claims over which the district court has original jurisdiction." 28
27 U.S.C. § 1367(c)(3). In construing this statute, the Ninth Circuit points out the distinction between

28

13

1  the discretionary power granted to the district court under § 1367(c) and the court's authority to
2  exercise supplemental jurisdiction under § 1367(a). Herman Family Revocable Trust v. Teddy Bear,
3  254 F.3d 802, 806 (9th Cir. 2001). Under § 1367(a), the district court has discretion to retain
4  supplemental jurisdiction only in instances where the court has dismissed all federal claims on the
5  merits. Id.

6       In this case, the Court has dismissed the federal RICO claims over which it has original
7  jurisdiction. To proceed in federal court against non-diverse Defendant Nicholas, Plaintiff is
8  required to assert a cause of acting arising under federal law, unless the Court chooses to exercise its
9  discretion to retain supplemental jurisdiction over any amended state law claim Plaintiff may bring.
10 The Court, however, cannot conceive of a cause of action arising under federal law for which
11 Plaintiff could seek relief for Defendant Nicholas' alleged October 2008 conduct. Given that
12 Plaintiff's only remedy is through a state law cause of action, the Court declines to exercise
13 supplemental jurisdiction over any amended claim. To the extent that Plaintiff has a claim against
14 Defendant Nicholas for this newly alleged injury, the California Superior Court is a more
15 appropriate forum.

16 **F.**    **Plaintiff's Motion Requesting Copy of Transcript**

17      Plaintiff requests a complete copy of the transcripts of the March 9, 2009 on the ground that
18 he is proceeding *in forma pauperis* and is unable to purchase the transcripts. (Transcript Motion at
19 1.)

> Fees for transcripts furnished in proceedings brought under section 2255 of [title 28, United States Code] to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

25 28 U.S.C. § 753(f); see Wicker v. United States, No. 06-CV-2344-L, 2007 WL 1520955, at *1 (S.D.
26 Cal. May 23, 2007).

14

Plaintiff contends that the transcripts of the March 9 hearing are needed for (1) further proceedings in this Court, (2) any appeal he may make to the United States Court of Appeals for the Ninth Circuit, and (3) judicial notice in pending proceedings before federal and California State courts. (Transcript Motion at 2.) The Court finds good cause to grant Plaintiff's request for government-provided transcripts.

Accordingly, the Court GRANTS Plaintiff's Motion Requesting Copy of Transcripts of Proceedings and ORDERS the court reporter to send a copy of Plaintiff.

## V. CONCLUSION

The Court Orders as follows:

(1) The Court GRANTS Defendants' Motions to Dismiss. Plaintiff's Complaint is DISMISSED with prejudice as to all Defendants. The Court DENIES as moot Defendants' Motions to Quash for insufficient service of process;

(2) The Court GRANTS Plaintiff's Motion Requesting Copy of Transcripts of Proceedings;

(3) The Court GRANTS Defendants' Motion for Extension of Time to Reply since the Reply was already filed;

(4) The Court GRANTS Plaintiff's Motion for Leave to File Excess Pages;

(5) The Court DENIES Plaintiff's Motion for Leave of the Court for Permission to File Motion for Reconsideration;

(6) The Court DENIES Plaintiff's Application for Enlargement of Time; Appointment of Counsel; Appearance by Telephone as moot.

Judgment shall be entered accordingly.

Dated: May 20, 2009

JAMES WARE
United States District Judge

15

...

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Benedict Y Hur bhur@kvn.com
Charles Edward Weir cweir@mwe.com
David Ian Hurwitz dhurwitz@omm.com
Jan Nielsen Little jnl@kvn.com
Jerome F. Birn jbirn@wsgr.com
John L. Antracoli jantracoli@rutan.com
Kelley Moohr Kinney kkinney@wsgr.com
Michael D. Celio mdc@kvn.com

Randy Lee Soderstrom
Sierra Conservation Center State Prison
5100 O'Byrnes Ferry Road
Jamestown, CA 95327

**Dated: May 20, 2009**                             **Richard W. Wieking, Clerk**

                                                    **By:     /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**